IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARBBIE HODGE,

    Petitioner,                    No. CIV S-06-0483 FCD GGH P

    vs.

THOMAS L. CAREY, Warden, et al.,

    Respondents.               FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding with appointed counsel upon a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the 2004 decision by Governor Schwarzenegger finding him unsuitable for parole, reversing the 2003 findings of the Board of Parole Hearings (BPH).

        On June 3, 2008, the court ordered the parties to show cause why this action should not be administratively stayed pending the Ninth Circuit's decision in Hayward v. Marshall, 512 F.3d 536 (9th Cir. 2008), *reh'g en banc granted*, ___ F.3d ___, No. 06-55392 (9th Cir. Filed May 16, 2008). On June 23, 2008, both parties filed responses to the show cause order. Thereafter, on June 27, 2008, petitioner filed a reply to respondent's response. Petitioner opposes imposition of a stay, while respondent asks that a stay be imposed.

\\\\\

For the following reasons, the court now recommends that this action be administratively stayed.

In <u>Sass v. Cal. Board of Prison Terms</u>, 461 F.3d 1123 (9th Cir. 2006) and <u>Irons v. Carey</u>, 505 F.3d 846 (9th Cir. 2007), the Ninth Circuit was concerned with the existence per se of allegedly egregious circumstances of the crime, trivial motive and the like, at least prior to the time the prisoner had served his minimum term under the sentence. That is, a bad circumstance automatically equaled "some evidence" supporting a finding of parole unsuitability. In <u>Hayward</u>, <u>supra</u>, the Ninth Circuit looked past the existence per se of listed circumstances, aka suitability factors, and considered whether a particular factor, such as trivial motive, could be a legitimate predictor of dangerousness if released. By granting rehearing in <u>Hayward</u>, the Ninth Circuit clearly has shown an intent to clarify what standard applies in parole cases.

It is within the court's discretion to grant a stay of proceedings in its own court. <u>Lockyer v. Mirant Corp.</u>, 398 F.3d 1098, 1109 (9th Cir. 2005). The Ninth Circuit has held that in determining whether a stay of a pending proceeding is appropriate based upon the existence of other similar proceedings, the district court must weigh "the competing interests which will be affected by the granting or refusal to grant a stay." <u>Id.</u> at 1110. The competing interests to be considered are: 1) the possible damage that may result from the granting of a stay; 2) the hardship that the party seeking the stay may suffer by being required to go forward; and 3) the orderly course of justice measured by considering whether issues will be simplified or complicated, proof, and questions of law which could be expected to result from a stay. <u>Id.</u>

The only party who may be damaged by a stay is petitioner as it may delay resolution of his petition. However, even if the court goes forward with this case, it will most likely be required to reconsider petitioner's application following the Ninth Circuit's decision in <u>Hayward</u>. Petitioner's application will take just as long to reach final resolution with or without a stay. Therefore, any prejudice suffered by petitioner as a result of a stay is minimal, at best.

\\\\\\

If this case goes forward without a stay, respondent will be prejudiced by most likely having to file a second response to the petition as a result of the Ninth Circuit's decision in Hayward. The court will be prejudiced as well if it is required to issue multiple opinions in this action. In addition, the Ninth Circuit's decision in Hayward will clarify the issues to be addressed in this action. Accordingly, the court finds that the factors weigh in favor of a stay.

In Yong v. Immigration and Naturalization Service, 208 F.3d 1116, 1119 n. 2 (9th Cir. 2000), the Ninth Circuit reversed an order issued by the Eastern District staying a habeas action filed pursuant to 28 U.S.C. § 2241 by a petitioner challenging his detention by the former Immigration and Naturalization Service. Because the issues raised in Yong's petition were to be considered by the Ninth Circuit in Ma v. Reno, 208 F.3d 815 (9th Cir. 2000), the district court stayed proceedings in Yong's case pending resolution of the appeal in Ma.

In Yong, the Ninth Circuit found that the district court abused its discretion in staying the petition because the term of the stay was indefinite. 208 F.3d at 1119. In addition, the Ninth Circuit rejected the district court's finding that the stay would conserve judicial resources. Id. The Ninth Circuit found that district court's duty to decide habeas petitions in a reasonable time overrode any concern for conservation of judicial resources. Id. at 1119-1120. The Ninth Circuit also rejected the district court's reasoning that the stay would promote uniformity in decisions emanating from the Eastern District. Id. at 1121.

In one very important respect, the instant action is distinguishable from Yong. By all appearances, the Ninth Circuit granted rehearing in Hayward in order to resolve the inconsistent approaches it has taken in cases challenging the sufficiency of evidence in parole suitability hearings.[1] In Yong, the district court was not faced with the issue of deciding which

---

[1] In Biggs v. Terhune, 334 F.3d 910, 914 (9th Cir.2003), the Ninth Circuit indicated that continued reliance on an unchanging factor in order to deny parole suitability, e.g., the callousness of the crime, might, given particular circumstances, violate due process. Biggs seemingly discussed the approach, expressly set forth in Hayward, that after many years, such unchanging factors related little about the future dangerousness of the prisoner if released on parole. However, the application of such a prospective analysis after Biggs by the Ninth Circuit

1 different approach to choose from in deciding the habeas application. Without a stay, it is almost
2 certain that this court will have to reconsider every opinion it issues in petitions challenging the
3 sufficiency of evidence in parole suitability hearings after the Ninth Circuit's decision in
4 Hayward. This court has already issued and withdrawn several opinions in these cases based on
5 the different standards set forth by the Ninth Circuit. At this time, the court is not willing to
6 guess which approach the Ninth Circuit will choose.

7 Petitioner notes several cases wherein several judges in the Fresno Division of this
8 district have denied requests to impose a stay pending the decision in Hayward. Docket # 32,
9 pp. 3-4. In doing so, counsel for petitioner quotes from the orders in the Fresno cases wherein
10 evidently each judge in each of the cases denying a stay, states "there is ample binding precedent
11 from the Ninth Circuit other than Hayward which bear on the issues in the petition." See, e.g.,
12 Ramirez v. Clark, 2008 WL 2312749 *1, citing Superintendent v. Hill, 472 U.S. 445, 457, 105 S.
13 Ct. 2768 (1985); Biggs v. Terhune, 334 F.3d 910, 914 (9th Cir.2003); Sass v. California Board of
14 Prison Terms, 461 F.3d 1123, 1127-28 (9th Cir.2006); Irons v. Carey, 505 F.3d 846, 851 (9th
15 Cir.2007). This assertion, of course, begs the question of which of the inconsistent "binding
16 precedent" of the Ninth Circuit would be applicable– Biggs/Hayward or Sass/Irons..

17 In addition, this court finds it unlikely that any stay of these cases will be for a
18 significant length of time. The undersigned will not await the result of petition for certiorari
19 filings, if any, with the Supreme Court. The court also observes that staying these cases will
20 promote uniformity in decisions by this district because following Hayward, the district courts
21 will know which standard to apply.

22 While the court would like these cases off the docket, the desire for administrative
23 efficiency does not outweigh the need to decide cases correctly the first time. Court resources are
24 better spent on deciding habeas petitions that do not rely on conflicting case law which is

---

26 more or less was abrogated in favor of simply determining the past existence of an unchanging
unsuitability factor, e.g., seriousness or callousness of the crime, trivial nature of the motive.

1  pending resolution in the Ninth Circuit.

2        Accordingly, IT IS HEREBY RECOMMENDED that this action be
3  administratively stayed pending the Ninth Circuit's decision in <u>Hayward v. Marshall</u>, 512 F.3d
4  536 (9th Cir. 2008), *reh'g en banc granted*, ___ F.3d ___, No. 06-55392 (9th Cir. filed May 16,
5  2008).

6        These findings and recommendations are submitted to the United States District
7  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
8  days after being served with these findings and recommendations, any party may file written
9  objections with the court and serve a copy on all parties.  Such a document should be captioned
10 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
11 shall be served and filed within ten days after service of the objections.  The parties are advised
12 that failure to file objections within the specified time may waive the right to appeal the District
13 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

14 DATED: January 16, 2009

15           /s/ Gregory G. Hollows

16           UNITED STATES MAGISTRATE JUDGE

17
GGH:009
18 hodg0483.osc