IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARBBIE M. HODGE,

    Petitioner,                            No. CIV S-06-483 FCD CHS P

    vs.

THOMAS L. CAREY, Warden, et al.,

    Respondents.         FINDINGS AND RECOMMENDATIONS

                              /

## I. INTRODUCTION

Petitioner Arbbie M. Hodge, a state prisoner, proceeds through counsel with a first amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2254. Petitioner is currently serving an indeterminate prison term of 16 years to life following his 1979 conviction for second degree murder in Los Angeles County. Petitioner challenges the execution of his sentence, and specifically, the February 20, 2004 reversal by Governor Schwarzenegger of the September 25, 2003 decision of the Board of Prison Terms that he was suitable for parole.

The petition presents a single ground for relief: that the Governor's reversal is unsupported by some evidence in the record in violation petitioner's right to due process of law. Based on the recent decision of the United States Supreme Court in *Swarthout v. Cooke*, No. 10-

333, (U.S. January 24, 2011), it is recommended that the petition be denied.[1]

## II.  BACKGROUND

In 1979, petitioner was convicted by jury of second degree murder with personal use of a dangerous or deadly weapon.  He was sentenced to serve 16 years to life in state prison.  His minimum eligible parole date passed in either 1988 or 1989.[2]

On September 25, 2003, the Board of Prison Terms ("Board") conducted petitioner's twelfth subsequent parole suitability hearing and determined for the first time that he would not pose an unreasonable risk of danger to society or a threat to public safety if released, and thus that he was suitable for parole.  In a written decision dated February 20, 2004, Governor Schwarzenegger reversed the Board's grant of parole.  Petitioner sought habeas corpus relief from the governor's reversal in state court, to no avail.

## III.  LEGAL STANDARD FOR FEDERAL HABEAS CORPUS

An application for writ of habeas corpus by a person in custody under judgment of a state court can be granted only for violations of the Constitution or laws of the United States.  28 U.S.C. §2254(a); *see also Peltier v. Wright*, 15 F.3d 860, 861 (9th Cir. 1993); *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (*citing Engle v. Isaac*, 456 U.S. 107, 119 (1982)).  This petition for writ of habeas corpus was filed after the effective date of, and thus is subject to, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997); *see also Weaver v. Thompson*, 197 F.3d 359 (9th Cir. 1999).  Under AEDPA, federal habeas corpus relief also is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

---

[1] These findings and recommendations supercede the April 27, 2010 findings and recommendations, which were vacated on January 27, 2011.

[2] Petitioner contends his minimum eligible parole date was October 13, 1989; according to the Board of Parole Hearings, his minimum eligible parole date passed on February 2, 1988.

2

|   |   |
|---|---|
| 1 | determined by the Supreme Court of the United States; or |
| 2 | (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the |
| 3 | State court proceeding. |

28 U.S.C. § 2254(d); *see also Penry v. Johnson*, 532 U.S. 782, 792-93 (2001); *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000); *Lockhart v. Terhune*, 250 F.3d 1223, 1229 (9th Cir. 2001).

### IV.  ANALYSIS OF THE DUE PROCESS CLAIM

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law.  A person alleging a due process violation must first demonstrate that he or she was deprived of a protected liberty or property interest, and then show that the procedures attendant upon the deprivation were not constitutionally sufficient.  *Kentucky Dep't. of Corrections v. Thompson*, 490 U.S. 454, 459-60 (1989); *McQuillion v. Duncan*, 306 F.3d 895, 900 (9th Cir. 2002).

A protected liberty interest may arise from either the Due Process Clause itself or from state laws.  *Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987).  The United States Constitution does not, in and of itself, create for prisoners a protected liberty interest in the receipt of a parole date.  *Jago v. Van Curen*, 454 U.S. 14, 17-21 (1981); *Greenholtz v. Inmates of Neb. Penal*, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before expiration of a valid sentence.").  Where a state's statutory parole scheme uses mandatory language, however, it "'creates a presumption that parole release will be granted' when or unless certain designated findings are made," thereby giving rise to a constitutional liberty interest.  *McQuillion*, 306 F.3d at 901 (*quoting Greenholtz*, 442 U.S. at 12).  California's parole statutes give rise to a liberty interest that is protected by the federal due process clause.  *See, e.g., Pirtle v. Cal. Bd. of Prison Terms*, 611 F.3d 1015, 1020 (9th Cir. 2010) (overruled on other grounds); *see also Swarthout v. Cooke*, No. 10-333, slip op. at 4 (U.S. January 24, 2011) ("the Ninth Circuit held that California law creates a liberty interest in parole[.] While we have no need to review that holding here, it is a reasonable application of our

cases.) (citations omitted).

The full panoply of rights afforded a defendant in a criminal proceeding is not constitutionally mandated in the context of a parole proceeding. *See Pedro v. Or. Parole Bd.*, 825 F.2d 1396, 1398-99 (9th Cir. 1987); *see also Swarthout*, slip op. at 4 ("In the context of parole, we have held that the procedures required are minimal.")   The Supreme Court has held that a parole board's procedures are constitutionally adequate if the inmate is given an opportunity to be heard and a decision informing him of the reasons he did not qualify for parole. *Swarthout*, slip op. at 4-5 (citing *Greenholtz*, 442 U.S. at 16).

Additionally, as a matter of *state* law, denial of parole to California inmates must be supported by at least "some evidence" demonstrating future dangerousness. *See, e.g., In re Lawrence*, 44 Cal.4th 1181 (2008);  *In re Rosenkrantz*, 29 Cal.4th 616, 651-53 (2002). California's requirement that "some evidence" support a parole decision, however, is a substantive requirement that is not protected by the federal due process clause. *Swarthout*, slip op. at 5.  Rather, in the parole suitability context, "the only federal right at issue is procedural." *Id*. at 6.

In this case, the record reflects that petitioner was present at his September 25, 2003 parole suitability hearing, that he participated in the hearing, and that he was provided with the reasons for the governor's reversal of the Board's decision to grant parole. As discussed, due process requires no more. Accordingly, petitioner is not entitled to relief.

## V.  CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's application for writ of habeas corpus be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2  shall be served and filed within seven days after service of the objections.  Failure to file
3  objections within the specified time may waive the right to appeal the District Court's order.
4  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.
5  1991).

6  DATED: February 10, 2011

                                      CHARLENE H. SORRENTINO
                                      UNITED STATES MAGISTRATE JUDGE